IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NEW HAMPSHIRE INSURANCE COMPANY, AS SUBROGEE OF LILIANA TARANGO | § § § § | |
| v. | § § | CIVIL ACTION NO. _____ JURY TRIAL |
| POWER ASSOCIATES INTERNATIONAL, INC., et al. | § § | |

### DEFENDANT PARKER-HANNIFIN CORPORATION'S
### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, the Federal Rules of Civil Procedure, and the Local Rules for the Southern District of Texas, Defendant Parker-Hannifin Corporation ("Parker"), on behalf of itself and as successor in interest to Titan Industries ("Titan"), files this Notice of Removal removing this case from the 152nd Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division. Effective January 1, 2010, Titan merged with Parker, and Parker is the surviving entity.

1. Plaintiff New Hampshire Insurance Company, as Subrogee of Liliana Tarango ("Plaintiff") filed the Original Petition in this case on May 20, 2009 against Power Associates International, Inc. ("Power Associates") alleging causes of action of negligence and strict products liability. Plaintiff alleged that Power Associates owned a hose and pumping system that allegedly ruptured and struck Hector Tarango, killing him while he was working for Willbros Construction. Plaintiff alleged that it became obligated to pay worker's compensation death and funeral benefits to, or on behalf of, Hector Tarango's surviving spouse, Liliana Tarango, and that Plaintiff is subrogated to the rights of Liliana Tarango.

2.      On or about November 10, 2010, Defendant Power Associates filed Defendant's Agreed Motion for Leave to Designate Titan Industries and Parker Hannifin Corporation as Responsible Third Parties in the state court pursuant to TEX. CIV. PRAC. & REM. CODE ANN. 33.004.

3.      On November 22, 2010, the state court entered the Order Granting Leave to Designate Titan Industries and Parker Hannifin Corporation as Responsible Third Parties.

4.      On December 1, 2010, Plaintiff filed its "First Amended Original Petition" naming Titan Industries and Parker Hannifin Corporation as Defendants and requesting citation and service of process.  All factual allegations and causes of action remained the same, except Plaintiff alleges that the hose was "designed and/or manufactured" by Titan "and/or" Parker.

5.      On December 2, 2010, Plaintiff filed its "Motion for Partial Dismissal" asking the state court to dismiss all of Plaintiff's claims against Power Associates with prejudice.

6.      On December 9, 2010, the state court entered an Order of Dismissal with Prejudice as to Defendant Power Associates.

7.      Defendant Parker was served with process on December 30.  This Notice of Removal is timely filed within 30 days of Parker's receipt of Plaintiff's First Amended Petition and the summons. 28 U.S.C. § 1446(b).  As explained herein, Parker is the only defendant because of the merger between Parker and Titan, leaving Parker as the surviving entity.  Parker contends that, because Plaintiff dismissed Power Associates prior to serving Parker and Titan, the First Amended Petition is the initial pleading, and this is a new lawsuit with complete diversity.

8.      Alternatively, if the First Amended Petition constitutes "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is

or has become removable," under 28 U.S.C. § 1446(b), then equitable tolling applies to the extend the one-year limitation on removing actions based on jurisdiction conferred by 28 U.S.C. § 1332. *Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 427-28 (5th Cir. 2003).

9. Removal is proper because there is complete diversity between the parties, and the amount in controversy exceeds $75,000, excluding interest and costs. 28 U.S.C. §§ 1332(a), 1441. Plaintiff and Parker are citizens of different states. Plaintiff is a foreign insurance company authorized to do business in Texas. Liliana Tarango is a citizen of Oklahoma. Parker is an Ohio corporation with its principal place of business in Ohio. Titan was a California corporation with its principal place of business in California. Titan merged with Parker on or about January 1, 2009, and Parker is the surviving entity. Plaintiff and Defendant are citizens of different states.

10. Plaintiff's alleged damages exceed $75,000.00. This is a wrongful death case in which Plaintiff alleges Parker and Titan are liable for the death of Hector Tarango. Plaintiff is requesting damages, both past and future, including: (a) pecuniary losses (b) mental anguish; (c) loss of companionship and society; and (d) loss of consortium. Plaintiff also alleges that it seeks to recover the amount it paid in benefits, plus the amount it assumed to pay, as well as attorneys' fees, and then tender the remainder to Liliana Tarango.

11. Pursuant to 28 U.S.C. § 1446 and Local Rule 81, attached are the following:

- All executed process in the case **(Exhibit A)**;

- Pleadings asserting causes of action, e.g., petitions, counterclaims, cross actions, third-party actions, interventions and all answers to such pleadings **(Exhibit B)**;

- All orders signed by the state judge **(Exhibit C)**;

- Index of Matters Being Filed **(Exhibit D)**;

- List of all counsel of record, including addresses, telephone numbers and parties represented **(Exhibit E)**.

12. Written notice of the filing of this Notice of Removal is being promptly given to Plaintiff and a Notice of Filing of Notice of Removal is being promptly filed with the Clerk of the District Court of Harris County, as required by 28 U.S.C. § 1446(d).

    Respectfully submitted,

    MEHAFFYWEBER, P.C.

    */s/ Jeremy R. Stone*
    Jeremy R. Stone
    Attorney-in-charge
    State Bar No. 24013577
    S.D. Texas I.D. No. 27060
    500 Dallas, Suite 1200
    Houston, Texas 77002
    Phone: (713) 655-1200
    Fax: (713) 655-0222
    ATTORNEYS FOR DEFENDANT PARKER-HANNIFIN COPRPORATION

Of counsel:

**MEHAFFY WEBER, P.C.**

Louis M. Scofield, Jr.
State Bar No. 17884500
Post Office Box 16
Beaumont, Texas  77704
Telephone: 409/835-5011
Telecopier: 409/835-5177

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of this document was served via certified mail, return receipt requested and facsimile on January 18 , 2011 as follows:

                                            */s/ Jeremy R. Stone*
                                            JEREMY R. STONE

*Via Certified Mail R\*R\*R 7010 1870 0000 0688 5407*
*and Facsimile 713-861-7100*
Loren R. Smith
Kelly, Smith & Murrah, P.C.
4305 Yoakum Boulevard
Houston, Texas 77006

Attorney for Plaintiff New Hampshire Insurance
Company of Hartford, As Subrogee of Liliana Tarango